UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KIDARIUM, LLC,

                Plaintiff,

v.

KIDVILLE FRANCHISE COMPANY, LLC,

                Defendant.

_____

**Court File No.:_____**

## **COMPLAINT**

Plaintiff Kidarium, LLC ("Kidarium" or "Plaintiff"), by its attorneys, and for its complaint against defendant Kidville Franchise Company, LLC, ("Kidville"), alleges as follows:

## **SUMMARY OF DISPUTE**

1.      Plaintiff, a franchisee of Kidville with a location in Hoboken, NJ, brings this action to preliminarily and permanently enjoin Kidville from wrongfully terminating Plaintiff's franchise, in violation of the New Jersey Franchise Practices Act (the "Act" or "NJFPA"), for breach of contract and for wrongfully denying Plaintiff the opportunity to sell her franchise.  In brief, the Act prohibits termination of a franchise without "good cause." "Good cause" is defined as "limited to failure by the franchisee to substantially comply with those requirements imposed upon him by the franchise."  N.J. Stat. Ann. 56:10-5. Plaintiff Kidarium's owner, Evelyn Cham, entered into a letter of intent to sell her franchise and, in accordance with the franchise agreement, sought Kidville's approval. Kidville rejected the buyer on specious and pretextual grounds, and on the same day sent Cham

1

a notice of termination of her franchise, and demand to take over the premises.  Kidville's ground for termination is that it had been in default twice in the past 18 months, both of which defaults were cured. Kidarium therefore is and has been in substantial compliance with the requirements of the franchise, and Kidville's attempt to terminate it, and to opportunistically attempt to seize Kidarium's business is unlawful.

## Jurisdiction and Venue

2.     This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.     Venue is proper in this District because the defendant is located in this district.

## Parties

4.     Kidarium is a New Jersey limited liability company whose sole member, Evelyn Cham, is a citizen of New Jersey.

5.     Kidville Franchise Company, LLC ("Kidville") is a limited liability company formed under the laws of the State of New York.  Upon information and belief, the members of Kidville are Rammy Harwood, Andrew Stenzler and Shari Stenzler, all of whom are citizens of New York.

## FACTS

6.     In October, 2016, Kidarium acquired the franchise rights to a then-existing Kidville location in Hoboken, NJ and executed a franchise agreement with Kidville, a copy of which is annexed as Exhibit 1.  Kidville franchisees, like Kidarium, offer a wide variety of developmental and enrichment classes for newborns through six-year-old children.

7.     Although Kidville is obligated under the franchise agreement to provide franchisees with guidance and support in the operation of their franchises, Kidville consistently failed to provide Kidarium with significant or meaningful guidance, supervision or assistance. Kidville's inability to provide proper support to its franchisees is demonstrated by the fact that in the last year, roughly half a dozen Kidville franchisees have gone out of business and closed. As a result, Kidarium's facility has not been able to operate profitabily and has been losing money.

8.     In October, 2019, Kidarium entered into a letter of intent with Andrew Winters, who had operated childrens' facilities successfully in China, to purchase Kidarium's facility and franchise for the sum of $200,000 – a substantial loss, given the fact that Cham had invested over $600,000 in the facility.  As required by the franchise agreement, Kidville interviewed Winters, but rejected him as a buyer on November 12, 2019, upon the grounds that he had no business experience and had been turned down by the SBA for a loan for that reason.  Those reasons were demonstrably false, in that Winters had extensive experience operating children's facilities, and had never applied for, much less been denied, an SBA loan.

9.     The same day Kidville rejected Winters, it sent Kidarium a notice of termination of its franchise agreement, a copy of which is annexed as Exhibit 2.  The notice claimed as the reason for termination the fact that Kidarium had received two prior notices of default, one in January, 2019 and one in March, 2019, both of which were promptly cured.   The franchise agreement provides at Section 14(B)(18) that the franchisor may terminate upon delivery of notice if the franchisee has failed on two or more occasions within an 18 month period to comply with the "same obligation" under the

franchise agreement.  As set forth below, this ground is not "good cause" under New Jersey law for termination.

10.     Kidville's notice of termination also called for Kidarium to turn over the facility to Kidville and for Kidville to purchase it at book value, which is nominal.

11.     Kidville's attempted termination is a bold-faced pretextual attempt to arrogate to itself Kidarium's facilities, customers and reputation without compensating Cham, and to interfere wrongfully with Cham's and Kidarium's agreement with Winters. Were the termination bona fide, Kidville would have sent a notice of termination in March, 2019, upon the second default.  Instead, Kidville saw that Cham was selling and instead of permitting the sale to go forward, wrongfully denied approval to Winters and issued a termination notice the same day in order to arrogate the location to itself without paying fair compensation.

12.     If Kidville is not enjoined from terminating Kidarium's franchise, it will suffer irreparable injury, including the loss of Cham's livelihood, the reputation of the Hoboken facility and the opportunity to sell to Winters or another potential buyer.

## <u>COUNT I</u>

### (Violation of the New Jersey Franchise Practices Act – Wrongful Termination)

13.     Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

14.     Kidarium is a "franchise" as defined by the NJFPA in that there is a written agreement between Kidarium and Kidville in which Kidville has granted Kidarium a license to use its trademarks and there is a community of interest in the marketing of Kidville's services.  Additionally, Kidarium maintains a place of business in Hoboken, NJ; it has paid

Kidville in excess of $35,000 within the past 12 months, and more than 20 percent of Kidarium's gross sales are derived from the franchise.  N.J. Stat. 56:10-4.

15.     Under the Act, it is unlawful for a franchisor to terminate a franchise without having first given written notice setting forth the reasons for the termination at least 60 days in advance of such termination, during which the franchisee has an opportunity to cure.

16.     Kidville's notice of termination violates the Act because (a) it does not give the franchisee an opportunity to cure; and (b) the ground for termination – two defaults within 18 months, both of which were promptly cured – is not "good cause" under the Act. KIdville's attempted termination is therefore unlawful.

17.     If Kidville's attempted termination is allowed to proceed, Plaintiff will suffer irreparable injury, as set forth above.

18.     Plaintiff is entitled to preliminary and permanent injunctive relief against Kidville's attempted termination and an award of attorneys fees as provided by the NJFPA.

## COUNT II

### (Violation of the New Jersey Franchise Practices Act – Wrongful Denial of Transfer)

19.     Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

20.     Under the NJFPA, a franchisor may not refuse a proposed sale or transfer of a franchise unless the franchisor rejects the buyer because of material reasons relating to the character, financial ability or business experience of the proposed buyer.  N.J. Stat. 56:10-6.  Kidville's rejection of Winters said nothing about his character or financial ability,

5

but wrongfully and falsely claimed he had no business experience.  As a result, Kidville's rejection of Winters was unlawful.

21.    Plaintiff is entitled to recover the purchase price of the business and franchise to Winter, or at least $200,000, plus attorneys fees as provided by statute.

## COUNT III

### (Breach of Contract)

22.    Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

23.    Kidville has failed to provide support to Kidarium sufficient to permit the franchise to be profitable.   More specifically, Kidville's support violates the implied covenant of good faith and fair dealing in that its support has not been commercially reasonable and has deprived Kidarium of the fruits of the agreement.

24.    As a result, Kidarium is entitled to recover damages incurred as a result of Kidville's breach of contract.

WHEREFORE, Plaintiff seeks judgment as follows:

A.    A preliminary and permanent injunction against termination of the franchise on the ground that Kidarium had two cured defaults within the past 18 months;

B.    An award of actual damages in an amount to be determined at trial, but in no event less than $200,000;

C.    An award of attorneys' fees to the extent permitted by law;

D.    An award of costs and disbursements; and

E.    Such other and further relief as the Court deems just and proper.

Dated:  November 15, 2019             GARNER & GINSBURG, P.A.

/s/ W. Michael Garner
W. Michael Garner (3558)
5030 Broadway, Suite 631
New York, N.Y.  10034
Tel.: (612) 259-4800
Fax: (612) 259-4810
Email: wmgarner@yourfranchiselawyer.com

***Attorneys for Plaintiff***
***Kidarium, LLC***


CALIHAN LAW PLLC

/s/ Robert B. Calihan
Robert B. Calihan (Bar #1817659)
620 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Telephone: (585) 281-2593
Facsimile: (866) 533-4206
Email: rcalihan@calihanlaw.com

***Co-Counsel for Plaintiff***
***Kidarium, LLC***